UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JOHN DURANT,<br><br>    Plaintiff,<br>v.<br><br>GREENFIELD AND FORTENBERRY, LLC<br>d/b/a HEALTH SPACE DESIGN AND<br>PATRICIA FORTENBERRY,<br><br>    Defendants. | CIVIL ACTION: 1:16-cv-00965-RP |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Fed. R. Civ. P. 72(b)(2), Plaintiff John Durant ("Plaintiff") hereby responds to Defendants' Greenfield and Fortenberry, LLC d/b/a Health Space Design and Patricia Fortenberry (collectively "Defendants") Objections to the Report and Recommendation of the United States Magistrate Judge (Dkt. No. 37) as follows:

   **I.    Plaintiff Has Not Released His Claims Against Defendants**

Defendants seek to reargue the merits of the scope of the Settlement Agreement (Dkt. No. 27-7) between Plaintiff and non-party Seton Healthcare Family ("Seton"), contending that the Magistrate's analysis was inappropriate based on the parties' "intent" regarding the scope of the release. (Dkt. No. 37 at pp. 1-2). Defendants also state the release applies to Seton and its employees where "[n]o one disputes that [Fortenberry's] alleged wrongful infringement occurred prior to the execution of the Seton release." (*Id*. at p. 1). Defendants also state "[n]o one disputes that Fortenberry was an employee at the time Seton provided her the photographs at issue." (*Id*.)

Defendants' arguments materially mischaracterize the facts in the summary judgment record and the basis of the Magistrate's report.

### A. Plaintiff Disputes Defendants' Misstated Assertions

First, Plaintiff disputes that Ms. Fortenberry was an employee of Seton when the copyrighted photographs were provided to her. The summary judgment evidence indicates that Alan Bell – Ms. Fortenberry's supervisor whom she claims gave her permission to use the copyrighted images – never gave Ms. Fortenberry permission to use the copyrighted images. (*See* Dkt. No. 31 at pp. 2-3) (citing to Mr. Bell's affidavit). Defendants' assertion is contradicted by Mr. Bell's testimony.

Second, Plaintiff disputes the Defendants' infringement occurred prior to the execution of the Seton release. Ms. Fortenberry was not an employee of Seton when she displayed the copyrighted images on her website. As noted in Plaintiff's Motion for Summary Judgment, screenshots of the copyrighted images were displayed on Defendants' website on August 23, 2015 and were taken down due to a demand letter sent by Plaintiff's counsel. (Dkt. No. 28 at p. 5). The Settlement Release was executed on May 9, 2017. (Dkt. No. 27-7). Ms. Fortenberry left Seton in November 2013 to start her own design practice. (Dkt. No. 28-5 at 12:11-18). Ms. Fortenberry's infringement was not covered under the Settlement Agreement. It is unambiguous that the Settlement Agreement does not include former employees as "Releasees" and is void of any language contemplating predecessors-in-interest.

### B. Plaintiff Prevails With Any Interpretation Of The Settlement Agreement

Defendants complain of the Magistrate's consideration of the parties' intent where Plaintiff's declaration was cited as extrinsic evidence. (Dkt. No. 37 at p. 2). Defendants state "the intent is clear from the face of the release." (*Id*.). Any interpretation of the Settlement

Agreement, using extrinsic evidence or not, shows that Plaintiff prevails and the release does not absolve Defendants of any claim.

First, the release defines the "Releasee" as "SETON, its Affiliates, and its and their directors, officers, employees, and agents." (*See* Dkt. No. 36 at p. 5). The express language of the release does not include <u>former</u> employees as a "Releasee." Therefore, even without any extrinsic evidence, the unambiguous language does not release Defendants' infringement as Ms. Fortenberry was not an employee when the Settlement Agreement was executed.

Second, should the Court consider extrinsic evidence, it is clear that the Settlement Agreement was not intended to release any claim for Defendants' infringement. As the Magistrate correctly pointed out, Defendants cite to no evidence indicating that Plaintiff and Seton intended to release any claims against her. (Dkt. No. 36 at p. 7). In addition, Plaintiff's declaration, which expressly rejects the idea that his release of non-party Seton was intended to release any claims against Defendants, is entirely consistent with the express language in the release. (*Id*. at pp. 7-8). Defendants cite to no authority suggesting the Magistrate's consideration of Plaintiff's declaration was not proper.

The parties disputed the scope of the release and the Magistrate properly took into consideration the extrinsic evidence. "[E]ven if a contract appears unambiguous on its face, a latent ambiguity may be exposed by extrinsic evidence which reveals more than one possible meaning to which the language of the contract is yet reasonably susceptible." *Dore v. Arnold Worldwide, Inc*., 139 P.3d 56, 60 (Cal. 2006). "If the court decides, after consideration of the evidence, that the language of a contract, in light of all the circumstances, is fairly susceptible of either one of the two interpretations contended for, extrinsic evidence relevant to prove either of such meanings is admissible." *Skilstaf, Inc. v. CVS Caremark Corp*., 669 F.3d 1005, 1015-16

(9th Cir. 2012) (citations omitted). The Magistrate did not err in considering Plaintiff's declaration.  The evidence is clear - the Settlement Agreement does not cover any of Seton's <u>former</u> employees – let alone former employees who are responsible for acts of infringement in their capacity of operating a new, independent venture, unrelated to Seton in any way.  The summary judgment record also is clear that Plaintiff never intended to release Defendants of any claims regarding their infringement.  Defendants' contested allegation that their infringement was "innocent" is irrelevant as their infringing actions were committed after Ms. Fortenberry's employment with Seton was terminated and that infringement had no relationship whatsoever to Ms. Fortenberry's former employment with Seton.

## II.     Plaintiff Agrees That Actual Damages Can Be Ruled On Summarily

Defendants argue that based on the amount in controversy and expense of trial that "practical economies merit a summary ruling." (Dkt. No. 37 at p. 3).  Plaintiff agrees that the Court is able to impose actual damages against Defendants arising out of their infringement on the admissible evidence within the summary judgment record.

However, Plaintiff does not agree with Defendants' contention that the "damage evidence that <u>Defendants</u> submitted was accurate and uncontroverted."  (*Id.*) (emphasis added). The Magistrate's report notes "Fortenberry has presented some evidence that Durant's actual damages are in fact nominal…" (Dkt. No. 36 at p. 10).  But, Ms. Fortenberry's proposed "evidence" is inadmissible and inaccurate.  Specifically, Ms. Fortenberry attempts to characterize Seton's initial payment of $10,000 to settle a claim of infringement of one photograph is the equivalent of consideration paid for a voluntary license for use of 135 photographs.  (*Id*. at p. 9).  But, the summary judgment record is clear that the Settlement Agreement between Plaintiff and Seton is nothing like a license agreement providing permission for the use of 135 photographs.

Plaintiff expressly represented in the Settlement Agreement that he was unaware of <u>any</u> use by Seton of any photographs other than the one photograph for which he asserted a claim of infringement. Moreover, Seton did not acquire a license to do anything with any photographs in the future based on the initial payment of $10,000. Instead, the Settlement Agreement required that any future use by Seton of any of the 135 photographs identified as owned by Plaintiff would require a minimum additional payment of $1,500 per use for only a forty-five day period. (Dkt. No. 31 at p. 12). Applying those payment terms to Defendants' undisputed use of three copyrighted photographs owned by Plaintiff for one year, the Defendants' "evidence" establishes that over $12,000 for each use of each of the three copyrighted photographs per year is the license value due and owing for Defendants' infringements. (*Id.*)

Importantly, Defendants' purported "evidence" is not evidence of license value of the copyrighted photographs at all. Defendants may not simply re-characterize a Settlement Agreement entered to resolve a claim of infringement of one photograph and call it evidence of a prior license of 135 photographs by mere fiat. The Settlement Agreement and its terms are not a voluntary license, and resolution of one claim cannot be transformed into a binding decision as to the future license value of numerous other copyrighted photographs by a non-party to the agreement. Defendants' attempt to twist a settlement between Plaintiff and Seton to somehow serve Defendants' interests going forward finds no support in any of the case law identified by the parties. Rather, established case law makes clear that the Settlement Agreement is not evidence of a license and should not be taken into consideration in determining actual damages in this case. *See Kennon v. Slipstreamer, Inc.*, 794 F.2d 1067, 1069 (5th Cir. 1986) (barring use of evidence of settlement against third party to prove liability of the claim or its amount under Rule 408); *Pierce v. F.R. Tripler & Co.*, 955 F.2d 820, 828 (5th Cir. 1992) (barring use of

evidence of settlement offer against third party under Rule 408); *McDevitt v. Guenther*, 522 F. Supp. 2d 1272 (D. Hawaii 2007).

On the other hand, Plaintiff agrees with Defendants' position that the "damage evidence submitted by Plaintiff was accurate and uncontroverted." Plaintiff merely seeks his typical voluntary license fee for substantially similar works. Under 17 U.S.C. §§ 504(a)(1) and (b), a copyright owner is permitted to recover his own "actual damages," including lost profits and "reasonable royalty rates," or what a willing buyer would have been reasonably required to pay a willing seller as a licensing fee for the actual use of the copyrighted material by the infringers. *MGE UPS Sys., Inc. v. GE Consumer and Indus., Inc.*, 622 F.3d 361, 366 (5th Cir. 2010) (citing *Davis v. Gap, Inc.,* 246 F.3d 152, 167 (2d Cir. 2001)). Plaintiff submitted "accurate and uncontroverted" evidence of his typical licensing fee for the use of similar works in the amount of $18,000. (*See* Dkt. No. 28 at pp. 6-7). This is undisputed and the only proper evidence before this Court.

### III. Conclusion

For the foregoing reasons, Plaintiff respectfully request that the Court adopt the Magistrate's Recommendation finding that the Settlement Agreement did not release Defendants of any claims and that judgment be entered for Plaintiff's actual damages in the amount of $18,000 in addition to attorneys' fees.

Date:  May 17, 2018                                                Respectfully submitted,


                                             */s/ Joshua B. Long*
                                             Joshua B. Long
                                             Texas State Bar No. 24078876
                                             Duane Morris LLP

1330 Post Oak Blvd., Suite 800
Houston, Texas 77056
Tel: 713-402-3900
Fax: 713-583-9623
Email: jblong@duanemorris.com

Steven M. Cowley (admitted *pro hac vice*)
Duane Morris LLP
100 High Street
Boston, MA 02110
Tel: 857-488-4200
Fax: 857-401-3090
Email: smcowley@duanemorris.com

*Attorneys for Plaintiff John Durant*

## **CERTIFICATE OF SERVICE**

  I, Joshua B. Long, an attorney, certify that on May 17, 2018, I caused to be served a copy of the foregoing by electronic mail to the following counsel of record for Defendants:

Gary N. Schumann
Mitchell D. Savrick
Savrick, Schumann, Johnson,
McGarr, Kaminski & Shirley, LLP
The Overlook at Gaines Ranch
4330 Gaines Ranch Loop
Suite 150
Austin, Texas 78735

*/s/ Joshua B. Long*
Joshua B. Long
